IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ERNEST PORTER R.,                    §
                                     §
                Plaintiff,           §
                                     §
V.                                   §          No. 3:20-cv-520-BN
                                     §
ANDREW M. SAUL,                      §
Commissioner of Social               §
Security Administration,             §
                                     §
                Defendant.           §

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ernest Porter R. seeks judicial review of a final adverse decision of

the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g).

For the reasons explained below, the hearing decision is affirmed.

**Background**

Plaintiff filed an application for disability insurance benefits on December 14,

2016, alleging disability "due to carpal tunnel, tendonitis, a knee problem, a hip

problem, a back problem, dermatitis, an ankle problem, and a foot problem." Dkt. No.

22 at 1. After his application was denied initially and on reconsideration, Plaintiff

requested a hearing before an administrative law judge ("ALJ").

A hearing was held on January 7, 2019. *See* Dkt. No. 18-1 at 31-66. At the time

of the hearing, Plaintiff was 58 years old. *See* Dkt. No. 22 at 2. He has a high school

education and past work experience as an automobile salesperson and aircraft bonder

and assembler. *See id.* Plaintiff has not engaged in substantial gainful activity since April 2, 2014. *See* Dkt. No. 18-1 at 12.

In a written decision following the hearing, the ALJ found that Plaintiff was not disabled and therefore not entitled to disability benefits. *See id.* at 10-26. The ALJ found that Plaintiff's "osteopenia and degenerative changes of the lumbar spine and status post remote left foot crush injury" were severe. *Id.* at 12. The ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the social security regulations. *See id.* at 20-21. And the ALJ concluded that, based on Plaintiff's residual functional capacity ("RFC"), Plaintiff could handle a full range of light work with limitations and could return to his past work as a car salesperson. *See id.* at 25-26.

Plaintiff appealed the decision to the Appeals Council and the Council affirmed. Plaintiff then filed this appeal.

In his opening brief, Plaintiff raises two grounds for relief: (1) the ALJ's decision is not supported by substantial evidence because the ALJ mischaracterized the record and failed to assess all of the medical opinions, and (2) the ALJ's step-two conclusion that Plaintiff's upper extremity issues were not severe is not supported by substantial evidence. *See* Dkt. No. 22 at 1.

## Legal Standards

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards to evaluate

the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvinn*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

"In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

### I.  The ALJ considered all pertinent medical opinions and any mischaracterizations of the record are harmless.

Plaintiff argues that the ALJ mischaracterized the record, made incorrect findings, and failed to properly assess all the medical opinions. According to Plaintiff, the cumulative effect of these errors renders the ALJ's opinion unsupported by substantial evidence. Because the ALJ considered all the pertinent medical opinions, his conclusions are supported by substantial evidence, and any errors are harmless, reversal is not required.

First, although Plaintiff is correct that the ALJ misstated the record in several places, those errors are harmless. Plaintiff notes several errors that he contends "call[] into question the substantiality of support for [the ALJ's] findings." Dkt. No. 22 at 17. For instance, the ALJ stated that there is only "one notation of the claimant having a mildly antalgic gait." Dkt. No. 18-1 at 22. But the record contains multiple notations that Plaintiff has a "slight antalgic gait." Dkt. No. 22 at 19 (citing Dkt. No. 18-1 at 948, 952, 963, 974, 982). Plaintiff also notes that the ALJ stated that Dr. Wolski found Plaintiff's pain appeared to exceed the objective findings. *See* Dkt. No. 22 at 23 (citing Dkt. No. 18-1 at 15). But the statement cited by the ALJ was not a finding by the Dr. Wolski – it was a paragraph from the criteria for entry into a pain management program and did not pertain to Plaintiff's condition, specifically. *See* Dkt. No. 18-1 at 984-989. And Plaintiff notes that, in the ALJ's summary of Plaintiff's March 16, 2016 examination with Dr. Wolski, the ALJ stated that Plaintiff was employed at the time of the exam. *See* Dkt. No. 22 at 23 (citing Dkt. No. 18-1 at 15). But Plaintiff has not worked since April 2014. *See* Dkt. No. 18-1 at 12.

Nevertheless, Plaintiff must do more than point out the ALJ's mistakes. To require reversal, Plaintiff must show that the errors are prejudicial. "[E]rrors are considered prejudicial when they cast doubt onto the existence of substantial evidence in support of the ALJ's decision." *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988). "For example, an ALJ's significant reliance on serious factual mistakes or omissions, would render the finding of no disability unsupported by substantial evidence." *Makara S. M. v. Berryhill*, No. 3:18-CV-00219-BH, 2019 WL 1356602, at *12 (N.D.

Tex. Mar. 26, 2019) (quotations omitted). An error is harmless, by contrast, "when it is inconceivable that a different administrative conclusion would have been reached even if the ALJ did not err." *Keel v. Saul*, 986 F.3d 551, 556 (5th Cir. 2021).

Here, Plaintiff failed to meet his burden to show that the ALJ's errors are prejudicial. The ALJ did not significantly rely on any of the factual mistakes in making his conclusions. "Instead, the overwhelming factor in the decision was medical evidence from a variety of sources indicating that" Plaintiff could walk without serious issue and had pain that, although serious, did not preclude all types of work. *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003). And the ALJ's statement that Plaintiff was working at the time of his March 2016 examination did not factor into the ALJ's decision; indeed, the ALJ concluded at step one that Plaintiff has not worked since April 2014. *See* Dkt. No. 18-1 at 12. "It is inconceivable that the ALJ would have reached a different conclusion on this record, even had the ALJ" correctly cited every fact above. *Frank*, 326 F.3d at 622. Because the ALJ's errors did not ultimately affect his disability determination, they are harmless. *See McKnight v. Astrue*, 340 F. App'x 176, 180 n.1 (5th Cir. 2009) (finding harmless error where the ALJ's erroneous description of the claimant's treatment history did not affect the ultimate disability determination); *see also Winston v. Berryhill*, 755 F. App'x 395, 401 (5th Cir. 2018) (finding harmless error applied where substantial evidence supported the ALJ's determination despite erroneous reliance on outlier datum).

Next, Plaintiff's contention that the ALJ incorrectly found that there is no evidence showing physical deterioration consistent with Plaintiff's pain is not

grounds to reverse. "To upset the ALJ's decision, the plaintiff must show that there was insufficient evidence for a reasonable person to reach the same conclusion as the ALJ, not that some contradictory evidence might exist." *Gaunder v. Comm'r of Soc. Sec.*, No. 4:19-CV-01002-O-BP, 2020 WL 7091263, at \*5 (N.D. Tex. Sept. 28, 2020), *report and recommendation adopted,* No. 4:19-CV-01002-O-BP, 2020 WL 6128040 (N.D. Tex. Oct. 19, 2020). The ALJ noted multiple notations that show Plaintiff's physical condition stayed consistent over time, including X-rays and MRIs of his hands and feet that showed no abnormalities. *See* Dkt. No. 18-1 at 22-23, 274, 325, 352, 469, 492, 952. And the ALJ noted that, as recently as July of 2018, Plaintiff was found on examination to be "generally in good health." *Id.* at 23.

Plaintiff offers no reason why the record evidence is not substantial; he merely argues that there is other evidence that shows his condition continued to worsen. *See* Dkt. No. 22 at 20-21. But the Court's "role is not to reweigh the evidence or substitute [its] judgment for the ALJ's." *Whitehead v. Colvin*, 820 F.3d 776, 782 (5th Cir. 2016). And Plaintiff fails his burden to show that this alleged error was prejudicial. Because substantial evidence supports the ALJ's finding, "reversal is not required on this point." *Gaunder*, 2020 WL 7091263, at \*5.

Finally, Plaintiff's assertion that the ALJ failed to consider chiropractor Brian Mann's medical opinions is not supported by the record. Plaintiff contends that the ALJ failed to consider Dr. Mann's August 23, 2016 opinion. *See* Dkt. No. 22 at 22-23. Plaintiff asserts that this opinion specifically "is disabling and provided supportive

findings" that undermine the ALJ's decision and, thus, the ALJ's failure to consider the report is prejudicial. *Id.* at 22.

But a review of the record indicates that the ALJ considered the August 23, 2016 examination. In his review of medical opinions at step four, the ALJ stated that Dr. Mann examined Plaintiff on September 9, 2016. *See id.* at 24. The ALJ then summarized Dr. Mann's findings in detail. But, contrary to ALJ's written decision, Dr. Mann did not conduct an examination on September 9, 2016. The record indicates that Dr. Mann conducted the examination and tests on August 23, 2016 but did not sign the report until September 9, 2016. *See id.* at 624, 626, 630. The Court finds no evidence that separate examinations or tests occurred on September 9, 2016. Thus, it seems that Plaintiff and the ALJ assigned different dates to the same report: Plaintiff the date the exam occurred, and the ALJ the date the written report was signed.

Although this is another instance of the ALJ's erroneous summary of the record, the error is harmless where the ALJ thoroughly considered the report and where it is inconceivable that the ALJ's decision would have changed even if he had noted the correct examination dates. *See Frank*, 326 F.3d at 622.

## II.    **Any error in the ALJ's determination that Plaintiff's carpal tunnel is not severe is harmless.**

Remand is not required even if the ALJ errored in finding that Plaintiff's carpal tunnel is not severe at step two because the ALJ considered Plaintiff's upper-extremity limitations in the remaining steps.

The medical evidence that the ALJ discussed included specific evaluations of Plaintiff's hands, wrists, and elbows, which are relevant to whether Plaintiff's carpal tunnel is severe. *See* Dkt. No. 18-1 at 14-20.

Dr. Mann saw Plaintiff for severe bilateral wrist and elbow pain on March 30, 2015. Dr. Mann noted Plaintiff had pain at a 5 to 8 out of ten that was relieved by over-the-counter medication. Plaintiff tested negative for Phalen's sign, Tinel's sign, and Cozen's bilaterally; he tested positive for reverse Cozen's sign and Finkelstein's sign. Dr. Mann diagnosed bilateral epicondylitis of the elbows and bilateral tenosynovitis of the wrists and hands. *See id.* at 14, 487-89.

Dr. Mann saw Plaintiff again on August 23, 2016. Plaintiff had limited range of motion in his elbows and wrists. Plaintiff had the occasional ability to grasp and squeeze, reach up and reach out, and push and pull. He could frequently flex his wrists. Plaintiff tested positive for Finkelstein's sign of the right wrist, Mill's sign of the right forearm, and reverse Cozen's sign of the right lateral epicondyle. Dr. Mann diagnosed bilateral epicondylitis of the elbows and bilateral tenosynovitis of the wrists and hands. *See id.* at 24, 619-26,

On April 1, 2015, Edward Wolski, M.D., examined Plaintiff for pain to the left middle finger caused by a puncture wound sustained at work. Plaintiff rated his pain 3 to 9 on a pain scale of 0 to 10. *See id.* at 14, 479-82.

Physicians' assistant Ryan Stepinoff examined Plaintiff multiple times for pain in his feet and arms. On March 23, 2016, PA Stepinoff saw Plaintiff for severe bilateral wrist and elbow pain. Plaintiff complained of aching and throbbing pain that

was relieved by over-the-counter medicine. Plaintiff tested negative for Phalen's sign, Tinel's sign, and Cozen's bilaterally; he tested positive for reverse Cozen's sign and Finkelstein's sign. PA Stepinoff diagnosed bilateral epicondylitis of the elbows and bilateral tenosynovitis of the wrists and hands. PA Stepinoff noted that Plaintiff did not meet the required physical demand level to return to his job as an assembler and bonder. *See id.* at 16, 24, 490-99.

On March 28, 2017, Plaintiff saw Harold Nachimson, M.D., for an internal medicine consultative examination. Dr. Nachimson noted that, among Plaintiff's complaints, he reported bilateral carpal-tunnel syndrome and intermittent problems with his elbows. Dr. Nachimson noted that Plaintiff had full range of motion of his shoulders, elbows, and wrists, and that his hands appeared normal. Plaintiff could make an "0" with his fingers without any difficulty but could not fully bend his left middle finger. Tinel's sign was somewhat positive on the right arm but not the left. Plaintiff lacked some feeling in his right hand. *See id.* at 17, 346-50.

Plaintiff returned to see Dr. Nachimson for another exam on October 10, 2017. Plaintiff again had full range of motion of his shoulders, elbows, wrists, and hands. Plaintiff had pain throughout his upper extremities that was felt most sharply in his left middle finger. Dr. Nachimson noted that Plaintiff took off and put on his clothing without difficulty. *See id.* at 18, 373-77.

From June 2014 to October 2017, Dr. Nicole Tran, chiropractor, examined Plaintiff multiple times. On June 11, 2014, Plaintiff complained of mild intermittent soreness of the left elbow and forearm. Dr. Tran noted negative tests for medial

ligament stability, lateral ligament stability, Tinel's sign, Cozen's sign, and Mill's sign. And Dr. Tran noted that Plaintiff had normal muscle tone and motor reflexes. *See id.* at 383-430.

Based on these records, the ALJ found that Plaintiff's bilateral carpal-tunnel syndrome was not severe. *See id.* at 20. The ALJ noted that "no doctor has recommended surgery for [Plaintiff]'s ... carpal tunnel syndrome" and that "[d]octors and medical providers have treated [Plaintiff] conservatively for these issues." *Id.*

Although the ALJ did not find Plaintiff's carpal tunnel severe, the ALJ discussed Plaintiff's upper-extremity limitations in the ensuing steps, making any error in the severity determination harmless. In his RFC determination, the ALJ noted that Plaintiff's work ability was "reduced by inability to handle and finger on more than a frequent basis." *Id.* at 21. Because the ALJ considered Plaintiff's upper-extremity impairments beyond step two, Plaintiff's disability determination was not based on an improper non-severity determination, and "any failure to find an additional impairment severe at step two does not justify remand." *Dise v. Colvin*, 630 F. App'x 322, 324 (5th Cir. 2015).

Despite the ALJ's inclusion of an upper-extremity limitation in the RFC, Plaintiff argues that reversal is required because "[t]he record supports more than minimal limitation from manipulative impairments." Dkt. No. 22 at 24. Specifically, Plaintiff points to the opinions of PA Stepinoff and Dr. Mann, arguing that they show that Plaintiff could only occasionally – not frequently – handle and finger. *See* Dkt. No. 22 at 25.

But the ALJ considered Dr. Mann's and PA Stepinoff's opinions and largely rejected their findings. Dr. Mann examined Plaintiff on August 23, 2016 and assessed that Plaintiff could "work at the light to medium physical demand level for up to 4 hours per day with restrictions." Dkt. No. 18-1 at 623. But the ALJ found this opinion "too vague" because it "provides no analysis of the functional limitations that lead to [Dr. Mann's] conclusions," it gives "no reference to objective clinical findings or narrative treatment notes to support the opinion," and it is "not well supported by the record or consistent with the record as a whole." *Id.* at 24. For these reasons, the ALJ gave the opinion "only partial weight." *Id.*

PA Stepinoff examined Plaintiff on March 23, 2016. PA Stepinoff diagnosed bilateral epicondylitis of the elbows and bilateral tenosynovitis of the wrists and hands. PA Stepinoff found that Plaintiff did not meet the required physical demand level to return to his job as an assembler and bonder. *See id.* at 492-93. The ALJ found this opinion "not well-supported by medically acceptable clinical and laboratory techniques," and noted the lack of "any explanation as to what the clinical and laboratory diagnostic techniques signify." *Id.* at 24. The ALJ assigned this opinion "little weight." *Id.*

Contrary to Plaintiff's assertions, the ALJ properly weighed these opinions. Although Dr. Mann and PA Stepinoff conducted physical examinations, the ALJ was not required to give those opinions controlling weight because chiropractors and physicians' assistants are not on the list of accepted medical sources. *See* 20 C.F.R. §§ 404.1513(d)(1), 404.1527(a)(1)-(2); *see Castillo v. Barnhart*, 151 F. App'x 334, 335

(5th Cir. 2005) ("[T]he relevant regulations accord less weight to chiropractors than to medical doctors."). The ALJ complied with the regulations for medical sources that are not acceptable when he considered the reports' findings, explained the reasoning for the weight given, and assigned the opinions only partial and little weight. *See* 20 C.F.R. § 404.1527(f)(1)-(2).

Further, Plaintiff does not refute that his carpal tunnel is controlled by conservative treatment, and a "medical condition that can reasonably be remedied is not disabling." *Taylor v. Bowen*, 782 F.2d 1294, 1298 (5th Cir. 1986). Thus, even if the ALJ's step-two determination that Plaintiff's carpal tunnel is not severe was in error, remand is not required because the ALJ's disability determination would not have changed.

## Conclusion

The Court concludes that the ALJ's decision is supported by substantial evidence and that any errors are harmless. The hearing decision is affirmed in all respects.

SO ORDERED.

DATED: March 10, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE